1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| GARY SMITH, | ) 1:15-cv-00451-BAM (PC) |
| | ) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 1) |
| | ) |
| JEFFREY BEARD, et al., | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |
| | ) |
| | ) |

10

11

12

13

14

15

16      **I.      Screening Requirement and Standard**

17      Plaintiff Gary Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

18 action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on March 24, 2015, is currently

19 before the Court for screening.

20      The Court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

22 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

23 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

24 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28

25 U.S.C. § 1915(e)(2)(B)(ii).

26      A complaint must contain "a short and plain statement of the claim showing that the

27 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4  unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted).

6         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7  liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

8  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

14  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15      **II.**     **Plaintiff's Allegations**

16         Plaintiff is currently housed at the Sierra Conservation Center ("SCC") in Jamestown,

17  California, where the events in the complaint are alleged to have occurred.  Plaintiff names the

18  following defendants:  (1) Jeffery Beard, Secretary of the California Department of Corrections

19  and Rehabilitation ("CDCR"); (2) Warden Heidi Lackner; (3) CCII Silva; (4) CCI Lee Matlock;

20  and (5) Head Librarian Garcia.

21         In his statement of claim, Plaintiff alleges as follows:

22      I'm a[n] inmate in state prison in CDCR.  I have been down 13 ½ years.  All
23      together 25 years.  CDCR has known of [seizure] disorder for 25 years.  I came
    here 3-20-10 went to commit[t]ee about 7 days later.  Say another 2 weeks, I got
24      ducat to go to school.  I find out it is upstairs.  I'm not suppose[d] to [] go up and
    down any stairs.  I tried to explain to CCI Matlock.  I was told that I'd still go to
25      school.  Then I find library is upstairs.  I wrote Ms. Garcia in May 2010 about
    someone getting books for me.  I wrote again after I fell down stairs and I was
26      told both times I'd have to come up and get my own books.  Now Ms. Matlock
    [and] Ms. Garcia were told I'm [epileptic].  Still they made me go up &
27      downstairs for 4 years.  The on 3-10-14 I fell down the stairs.

28

1  (ECF No. 1, p. 3.)

2  　　　According to Plaintiff's continued statement, he allegedly blacked out from a petit mal

3  seizure.  For four years, he went up and down the stairs, praying he would not fall, and on March

4  10, 2014, Plaintiff fell down the stairs.  When he came to, he was lying face down at the bottom

5  of the stairs.  Plaintiff asserts that if Defendants Matlock and Garcia would have listened to him,

6  then it would never have happened.  Plaintiff contends that he forced to go to school and the

7  library even though he has chronos stating lower tier, lower bunk, no stairs, no frequent use of

8  stairs, no working at heights and no ladders.

9  　　　Plaintiff alleges that he explained the problem to his counselor, Defendant Matlock, who

10 told Plaintiff that he had to get a GED and had to go to school or be put on C status.  Plaintiff

11 went to school and tried to explain the problem to his teacher.  A correctional officer indicated

12 that he would put Plaintiff in C status, but Plaintiff did not want to be put on C status so he was

13 forced to go to school upstairs.  Plaintiff attended school for two weeks before summer vacation.

14 After the vacation, Plaintiff went to school every Monday for fourteen months.  For six weeks,

15 he worked as a dorm porter, but was told to go back to school.  It took Plaintiff 9 months, but he

16 received his GED.

17 　　　Plaintiff asserts that he likes to read and was told there was a good library.  Plaintiff

18 wrote to the head librarian, Defendant Garcia, in May 2010 and explained his problem.  Plaintiff

19 asked Defendant Garcia if he could send someone to get books for him.  Plaintiff was told that he

20 would have to come to the library with his ID and check books out for himself.  Plaintiff did so

21 and said a little prayer when he went up and down the stairs.  On March 10, 2014, as he was

22 leaving the library, Plaintiff got to the second landing, went down 2 or 3 steps and then

23 everything went black.  Plaintiff had a petit mal seizure.  When he came to at the bottom of the

24 stairs, he was in pain.

25 　　　On March 21, 2014, Plaintiff again wrote to the head librarian, Defendant Garcia.

26 Plaintiff asked if he could send someone to get books for him.  He got the same answer as the

27 first time even though this was 11 days after he fell.  Plaintiff believes that Defendant Garcia's

28

3

1  boss told her to let someone get his books.  Six or seven days later, the librarian met Plaintiff and

2  told him to throw away his request for interview.

3         Plaintiff claims that because of the fall he has a lot of pain in his neck, left shoulder, back

4  and left leg.  Plaintiff alleges deliberate indifference in violation of the Eighth Amendment and

5  violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff contends that

6  Warden Lackner and CCII are liable as supervisors.

7         As relief, Plaintiff seeks monetary damages, along with a transfer, single cell status and

8  replacement glasses.

9         **III.    Discussion**

10        **A.  Linkage Requirement**

11        The Civil Rights Act under which this action was filed provides:

12        Every person who, under color of [state law] ... subjects, or causes to be subjected, any
          citizen of the United States ... to the deprivation of any rights, privileges, or immunities
13        secured by the Constitution ... shall be liable to the party injured in an action at law, suit
          in equity, or other proper proceeding for redress.
14

15  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

16  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

17  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v.

18  Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a]

19  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

20  section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

21  perform an act which he is legally required to do that causes the deprivation of which complaint

22  is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23        Plaintiff fails to link Defendant Beard to his claims.  If Plaintiff elects to amend his

24  complaint, he must allege what each individual defendant did or did not do that resulted in a

25  violation of his constitutional rights.

26        **B.  Supervisory Liability – Defendants Beard, Lackner and Silva**

27        Insofar as Plaintiff brings suit against Defendants Beard, Lackner and Silva based on

28  their supervisory roles, he may not do so.  Supervisory personnel may not be held liable under

4

1  section 1983 for the actions of subordinate employees based on respondeat superior or vicarious

2  liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California

3  Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County,

4  693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she

5  is personally involved in the constitutional deprivation, or (2) there is a sufficient causal

6  connection between the supervisor's wrongful conduct and the constitutional violation."

7  Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–

8  75; Lacey, 693 F.3d at 915–16.  "Under the latter theory, supervisory liability exists even

9  without overt personal participation in the offensive act if supervisory officials implement a

10  policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving

11  force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d

12  642, 646 (9th Cir.1989)) (internal quotation marks omitted).

13       Plaintiff has not alleged that Defendants Beard, Lackner and Silva either were personally

14  involved in the alleged constitutional violations or instituted a deficient policy.

15       **C.  Eighth Amendment – Deliberate Indifference - Defendants Matlock and Garcia**

16       "The Eighth Amendment's prohibition against cruel and unusual punishment protects

17  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

18  confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials

19  therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing,

20  sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th

21  Cir.2000) (citations omitted).  A prisoner claiming an Eighth Amendment violation must show

22  (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison

23  officials were deliberately indifferent to his safety in allowing the deprivation to take place.

24  Morgan, 465 F.3d at 1045, quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128

25  L.Ed.2d 811 (1994).

26       Plaintiff fails to state a cognizable deliberate indifference claim against Defendants

27  Matlock and Garcia.  According to exhibits attached to Plaintiff's complaint, his comprehensive

28  chrono in effect at the time of his fall specified no frequent use of stairs, not a total prohibition

1    on the use of stairs.  (ECF No. 1, p. 24.)  Thus, Plaintiff was not precluded from utilizing the

2    stairs on an infrequent basis to access school and the library.  As alleged, Plaintiff attended

3    school only once per week, and he was not mandated to visit the library.  Further, with respect to

4    his schooling, it appears that Plaintiff successfully earned his GED prior to his fall.  As such,

5    there was no harm to Plaintiff during the time period he traversed the stairs to attend school.

6         **D.  Equal Protection**

7         The Equal Protection Clause requires that all persons who are similarly situated should be

8    treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); City of Cleburne v.

9    Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an

10   Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to

11   discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren

12   v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058,

13   143 L.Ed.2d 63 (1999), or that similarly situated individuals were intentionally treated

14   differently without a rational relationship to a legitimate state purpose, Thornton v. City of St.

15   Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Village of Willowbrook v. Olech, 528 U.S. 562,

16   564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

17        Plaintiff has not adequately alleged that any defendants discriminated against him based

18   on membership in a protected class or that similarly situated individuals were intentionally

19   treated differently.

20        **IV.    Conclusion and Order**

21        For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be

22   granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his

23   complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez

24   v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

25        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

26   each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

27   rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state

28   a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

1    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
2    claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
3    "buckshot" complaints).
4    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
5    Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself
6    without reference to the prior or superseded pleading."  Local Rule 220.
7    Based on the foregoing, it is HEREBY ORDERED that:
8    1.    The Clerk's Office shall send Plaintiff a complaint form;
9    2.    Plaintiff's complaint is dismissed for failure state a cognizable section 1983
10   claim.
11   3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a
12   first amended complaint; and
13   4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for
14   failure to obey a court order and for failure to state a claim.

16   IT IS SO ORDERED.

     Dated:   **August 3, 2015**          /s/ *Barbara A. McAuliffe*   _
                                          UNITED STATES MAGISTRATE JUDGE