UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SMITH,<br><br>                Plaintiff,<br><br>        v.<br><br>SILVA, et al.,<br><br>                Defendants. | Case No.   1:15-cv-00451-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED AMENDED COMPLAINT AS SECOND AMENDED COMPLAINT<br><br>(ECF No. 15)<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY (30) DAY DEADLINE** |

I.      **Introduction**

        Plaintiff Gary Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 3, 2015, the Court screened and dismissed Plaintiff's complaint, with leave to file an amended complaint. Plaintiff filed a first amended complaint on August 10, 2015. Before the Court could screen Plaintiff's first amended complaint, Plaintiff submitted a proposed second amended complaint, which was lodged on September 3, 2015.

///

1    At this stage in the proceedings, Plaintiff may amend his complaint once as a matter of

2    course. Fed. R. Civ. P. 15(a). Therefore, his second amended complaint shall be filed, and it is

3    now before the Court for screening.

4    **II.      Screening Requirement and Standard**

5    The Court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

7    1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

8    malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

9    relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

10   § 1915(e)(2)(B)(ii).

11   A complaint must contain "a short and plain statement of the claim showing that the

12   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

13   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,

15   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65

16   (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge

17   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

18   (internal quotation marks and citation omitted).

19   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

20   liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

21   342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially

22   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

23   named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949

24   (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

25   2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

26   consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678,

27   129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

28   ///

1    Further, under section 1983, Plaintiff must demonstrate that each defendant personally
2    participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2009).
3    The Ninth Circuit has held that "a person 'subjects' another to the deprivation of a constitutional
4    right, within the meaning of section 1983, if he does an affirmative act, participates in another's
5    affirmative acts, or omits to perform an act which he is legally required to do that causes the
6    deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7    ### III.    Plaintiff's Second Amended Complaint Allegations

8    Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
9    ("CDCR"), and is currently incarcerated at the Sierra Conservation Center ("SCC") in
10   Jamestown, California. He alleges that the events in the complaint occurred at SCC.  Plaintiff
11   brings this action against CCI Matlock, CCII Silva, and Head Librarian Garcia, all employed at
12   SCC.

13   Plaintiff alleges that he has been doing time in the custody of the CDCR for over twenty-
14   five (25) years. Throughout his incarceration, Plaintiff states that he has always received "lower
15   tier, lower bunk, no stairs, no frequent stairs, no working above ground" and he is "not even able
16   to go upstairs to shower even when it's empty." (ECF No. 15, p. 3.) Plaintiff further alleges that
17   the three defendants knew about this. However, Plaintiff was still forced to go up and down stairs
18   while he attended school or visited the library.

19   Plaintiff was also told twice by CCI Matlock that if he did not go to school he would be
20   placed on C-Status, which Plaintiff did not want. CCII Silva did not say anything to Plaintiff until
21   "five or six weeks after [Plaintiff] fell." (ECF No. 15, p. 3.) Plaintiff was then called for his
22   second annual, where CCII Silva stated Plaintiff will be taken out of school because he was not
23   allowed to climb stairs. Plaintiff replied to CCII Silva that he had already received a G.E.D.
24   fourteen months ago on September 6, 2012, which CCII Silva found to be accurate on the
25   computer. Plaintiff "told [CCII Silva] and the other 3 people, 'You'r[e] just looking to cover your
26   ass.' "[1] (ECF No. 15, p. 4.)

27

28   _____
     [1]    Plaintiff does not identify who is meant by "the other 3 people." (ECF No. 15, p. 4).

1   Plaintiff alleges that he wrote to Head Librarian Garcia in May 2010, explaining his

2   problem that the library and school are upstairs. Head Librarian Garcia informed Plaintiff that he

3   would still have to come to the library and check out books himself. Eleven (11) days after

4   Plaintiff fell, he wrote to Head Librarian Garcia again, and she responded the exact same way.

5   However, "six or seven days later," Plaintiff was told that Head Librarian Garcia wanted to see

6   him downstairs, where she told him she got bad information. Plaintiff reminded Head Librarian

7   Garcia that he had written twice and was told twice he had to get books himself, and Garcia "sure

8   changed her tone." (ECF No. 15, p. 4.)

9   Plaintiff alleges that CCI Matlock, CCII Silva, and Head Librarian Garcia all could have

10  easily read his file, that this accident was very avoidable and it should never have happened.

11  Plaintiff also informed CCI Matlock, CCI Silva, and Head Librarian Garcia about his condition,

12  and they still forced him to use the stairs.[2] Plaintiff further alleges that after the fall he "was in

13  such pain there is no words to describe it." (ECF No. 15, p. 5.) Plaintiff states that today, his neck,

14  left shoulder, and lower back still cause him great pain.

15  Plaintiff seeks to be compensated monetarily. He also seeks to be transferred to Soledad

16  and be single-celled, with restitution paid, to have all court costs paid, and to receive a new pair

17  of glasses to replace ones that broke when he fell.

18  **IV.** **Discussion**

19  **A.** **Amended Complaint**

20  As a general rule, an amended complaint supersedes the original complaint, which no

21  longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Absent

22  prior court approval, the amended pleading must be complete in itself without reference to any

23  prior pleading. Local Rule 220. All causes of action alleged in an original complaint which are

24  not alleged in an amended complaint are waived. London v. Coopers & Lybrand, 633 F.2d 811,

25  814 (9th Cir. 1981).

26

27  [2]    Plaintiff notes that he previously alleged claims against Defendants Jeffrey Beard and Warden
Heidi Lackner, but he no longer does because he never actually told them about his condition. ECF No.
28  15, p. 5.

4

Plaintiff's disjointed second amended complaint repeats some of the allegations in his original complaint, but with less factual detail. For example, Plaintiff fails to explain how or when he fell. Plaintiff also does not include any of the exhibits he included with his original complaint. Neither exhibits nor detailed factual allegations are required, but Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.

In sum, this Court reminds Plaintiff that an amended complaint stands on its own. All relevant factual allegations must be included in the new document. No references may be made to prior complaints, claims, or other unattached documents.

## B.    Eighth Amendment Deliberate Indifference

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citations omitted). A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045, quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff fails to state a cognizable deliberate indifference claim against Defendants Matlock, Silva, and Garcia. Plaintiff does not specifically allege what each of these Defendants was informed about regarding his limitation, infrequent stair use, and the consequences if he were forced to go upstairs when visiting the library and attending school. Plaintiff previously alleged

1   certain facts about the frequency of his school attendance (although not his library visits), but his

2   second amended complaint provides no additional clarification or details about these matters.

3   Plaintiff alleges that he informed Defendants of "his condition" but fails to allege that he

4   informed them that condition would cause him to fall.  Plaintiff does not allege that these

5   defendants were aware of the risk and failed to act.   If a prison official should have been aware of

6   the risk, but was not, then the official has not violated the Eighth Amendment, no matter how

7   severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir.2002). Overall,

8   Plaintiff does not allege facts showing that these circumstances presented an objective,

9   sufficiently serious risk to his personal safety that each or any of the named Defendants

10  disregarded.

11      In sum, Plaintiff's allegations that were insufficient in his original complaint were merely

12  reiterated in his second amended complaint, and he has still failed to state a cognizable deliberate

13  indifference claim against Defendants Matlock, Silva, or Garcia. Plaintiff will be given one final

14  opportunity to allege facts sufficient to state a cognizable claim.

15      **V.   Conclusion and Order**

16      For the above reasons, Plaintiff's second amended complaint fails to state a claim upon

17  which relief may be granted under section 1983. The Court will provide Plaintiff with an

18  opportunity to amend his complaint to cure the identified deficiencies, to the extent he is able to

19  do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not

20  change the nature of this suit by adding new, unrelated claims in his third amended complaint.

21  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

23  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

24  Iqbal, 556 U.S. 662, 678.

25      Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

26  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and

27  must be "complete in and of itself without reference to the prior or superseded pleading," Local

28  Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall file Plaintiff's amended complaint that was lodged on September 3, 2015 (ECF No. 15), as the second amended complaint;

2.      The Clerk's Office shall send to Plaintiff an amended complaint form;

3.      Plaintiff's second amended complaint is dismissed for failure to state a cognizable section 1983 claim;

4.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal;

5.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 10, 2016**                            /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE