UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY SMITH,

   Plaintiff,

 v.

SILVA, et al.,

   Defendants.

Case No.   1:15-cv-00451-BAM (PC)

SCREENING ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)

**I.** **Introduction**

  Plaintiff Gary Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge on April 9, 2015. (ECF No. 5.) Currently before the Court is Plaintiff's third amended complaint dated June 18, 2016 (ECF No. 21), filed in response to the Court's order dismissing his second amended complaint with leave to amend, (ECF No. 19).

**II.** **Screening Requirement and Standard**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2009). The Ninth Circuit has held that "a person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

### III. Plaintiff's Third Amended Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is currently incarcerated at Correctional Training Facility in Soledad, California. Plaintiff brings this action against CCI Matlock, CCII Silva, and Head Librarian Garcia, all employed by CDCR at the Sierra Conservation Center, a California state prison located in Tuolumne County, California.

Plaintiff alleges that both Silva and Matlock knew he had an epileptic condition and seizure disorder and that he is not to be going up and down stairs, as stated on his chronos. About two weeks after March 20, 2010, Matlock met with Plaintiff and he instructed Plaintiff that he was to attend school upstairs or would be placed on C-Status. Plaintiff was left with no choice, and had to walk up and down two flights of stairs "for years going to school." (ECF No. 21, p. 4.) He experienced mental anguish from feeling that he was bound to fall if he had a seizure. Plaintiff did not fall down the stairs going to and from school.

In May 2010, Plaintiff wrote to Head Librarian Garcia explaining that he is epileptic and is not supposed to go up and down stairs. He asked to have books brought to him instead of forcing him to walk up the stairs to go to the library and check out books. That request was denied. On March 10, 2014, Plaintiff fell down a flight of stairs when leaving the library, causing significant pain to Plaintiff in the head, neck and shoulders and ongoing headaches. On March 21, 2014 Plaintiff put in an inmate request for an interview with Head Librarian Garcia and Plaintiff informed Garcia of his medical condition again, and informed her that he had fallen the last time he left the library. Garcia responded that Plaintiff was not allowed to send anyone else to check out books for him. On May 25 or 26, 2014, Garcia called Plaintiff in to talk with her and told her that she was given bad information, asked him to throw away the form and changed her mind, allowing Plaintiff to have someone bring him books.

Plaintiff alleges that both CCII Silva and CCI Matlock "should never [have] put me in school. Instead of climbing up [and] down stairs they could have had school work brought to me." (ECF No. 21, p. 4-5.) Plaintiff also alleges that both Silva and Matlock should have had him transferred. Plaintiff further alleges that he still has pain in his head, neck, and shoulders.

3

Plaintiff states that he asserts claims for violations of his right to be free from cruel and unusual punishment, and for violation of equal protection of the laws. He seeks $150,000 in damages as well as $4,300 for his restitution, and to go to Soledad central single cell status. Plaintiff also seeks to have his court costs paid, and a new pair of glasses to replace the ones he lost when he fell.

**IV.     Discussion**

      **A.     Eighth Amendment Deliberate Indifference**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045, quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. Farmer, 511 U.S. at 837–838. However, not every foreseeable accident constitutes deliberate indifference. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835.

Plaintiff fails to state a cognizable deliberate indifference claim against Defendants Matlock and Silva. He alleges that he felt there was a risk he would fall from using the stairs due to his medical condition. However, he does not allege sufficient facts showing there was an objectively serious risk that using the stairs to attend school was unreasonably hazardous or posed a substantial danger to his health and safety. Importantly, Plaintiff has also not alleged any facts showing that Defendants knew of any such risk and were deliberately indifferent to it. He states

4

that Defendants Matlock and Silva were aware of his epilepsy and seizures and his chrono regarding stair use, but nothing showing that these Defendants should have understood these matters posed an excessive risk of harm to him. His previous submissions show his chrono in effect at the time specified no frequent use of stairs, and he has provided no additional allegations showing that his prohibited his use of stairs to attend school, or that Defendants Matlock and Silva should have known he was prohibited from doing so. Moreover, Plaintiff has not alleged that any substantial harm actually occurred from Defendants Matlock and Silva's actions. In fact, he alleges that he never actually fell while using the stairs to go to and from school, despite doing so for years. Plaintiff makes a conclusory allegation of mental anguish, but no facts in support of this allegation, such as the need for medical or psychological treatment, nor any facts that this was a reasonably foreseeable injury from these Defendants' actions.

Likewise, Plaintiff has also failed to allege a cognizable claim against Defendant Garcia. As with Defendants Matlock and Silva, Plaintiff has not alleged facts showing Defendant Garcia should have or did understand that Plaintiff's use of the stairs to obtain library books posed an excessive risk of harm to him, based on her knowledge of his epilepsy and seizure condition and his chrono. Although he has alleged that he fell when using the stairs to attend the library and was injured and suffered pain, he has not alleged sufficient facts showing that Defendant Garcia knew of the risk he would fall or was deliberately indifferent to that risk.[1]

### B.     Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); City of Cleburne v.

---

[1] Plaintiff cites and attaches a copy of documents from Roberts v. Ohio Department of Rehabilitation and Correction, No. 09AP-1056, 2010 WL 4216443 (Ohio Ct. App. Oct. 26, 2010) to his complaint. In the interest of judicial economy so that Plaintiff will not be required to file any separate motions asking the Court to consider Roberts in relation to his attempt to state a claim, the Court will address and distinguish Roberts. Although a cognizable claim was found in Roberts, that case concerned an Ohio state law negligence claim, not any claim under section 1983 for the violation of rights under the United States Constitution. As discussed above, more than mere negligence must be shown to state a claim for Eighth Amendment deliberate indifference, as Plaintiff attempts to assert. Also, Roberts concerned very different factual allegations of prison officials failing to repair broken and crumbling steps and inadequately lighting those steps, in violation of Ohio state law. Those circumstances are completely different from Plaintiff's allegations here.

1    Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985). To state an
2    Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to
3    discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren
4    v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S. Ct. 1058,
5    143 L. Ed. 2d 63 (1999), or that similarly situated individuals were intentionally treated
6    differently without a rational relationship to a legitimate state purpose, Thorton v. City of St.
7    Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Village of Willowbrook v. Olech, 528 U.S. 562,
8    564, 120 S. Ct. 1073, 145 L.Ed.2d 1060 (2000). Plaintiff was previously informed of these
9    standards, but he has still not alleged that any defendants discriminated against him based on
10   membership in a protected class, or that similarly situated individuals were intentionally treated
11   differently.

        **C.**     **California Constitution**

13   Plaintiff has not directly alleged a claim under the California Constitution, but has
14   attached pages setting forth Article 1, Section 7 of the California Constitution to his complaint.
15   Thus, he appears to intend to assert a claim under that provision of the state constitution.

16   Article 1, Section 7 of the California Constitution concerns equal protection under the law.
17   California Courts have held that there is no private right of action for damages under Article 1,
18   Section 7(a) of the California Constitution. See Gates v. Superior Court (Hirata), 32 Cal. App. 4th
19   481, 512, 38 Cal. Rptr. 2d 489 (1995); see also Brown v. County of Kern, No. 1:06–cv–00121–
20   OWW–TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages
21   directly under Article 1, Sections 7 of the California Constitution).

22   Also, as stated above, Plaintiff has failed to allege any equal protection claim. The
23   discussion of his federal constitutional claim resolves both the federal and state constitutional
24   claim, since his equal protection rights under the federal and state constitutions are co-extensive.
25   See Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v.
26   Superior Court, 17 Cal.3d 908, 914 at n. 3, 132 Cal.Rptr. 405, 553 P.2d 565 (Cal. 1976)
27   (California constitution provides the same "basic guarantee" as the Fourteenth Amendment).
28   Therefore, Plaintiff has stated no claims under this provision of the state constitution.

### V. Conclusion and Order

For the above reasons, Plaintiff's third amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the applicable legal standards and deficiencies in his pleading. Despite guidance from the Court, Plaintiff's three complaints were largely identical. In fact, Plaintiff generally alleged fewer facts in support of his claims with each subsequent complaint.

Based on the foregoing, it appears that there are no further facts that would support a claim for relief in this matter under 42 U.S.C. § 1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1113, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Due to the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this actions is HEREBY DISMISSED, with prejudice, for failure to state a claim;

2. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

3. The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated: **June 30, 2016**             /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE